# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VALERIE WHITLOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEORGIA DEPARTMENT<br>OF CORRECTIONS,<br><br>　　　　Defendant. | Civil Action File No.<br><br>5:13-CV-77<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Valerie Whitlock ("Ms. Whitlock") states her Complaint against Defendant Georgia Department of Corrections ("DOC" or the "Department") as follows:

## INTRODUCTION

1.

This is an action for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331, 1337, and 1343.

3.

Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as this is the judicial district within which Defendant DOC resides.

## PARTIES

4.

Ms. Whitlock is a former employee of Defendant DOC. She is a resident of the State of Georgia and submits herself to the jurisdiction of this Court.

5.

Defendant DOC is an agency of the State of Georgia and is subject to the jurisdiction of this Court. Defendant DOC can be served with a copy of the summons and complaint by personal service upon its Commissioner, Brian Owens, or its General Counsel and Director of Legal Services, Robert Jones, at Department Headquarters located at 300 Patrol Road, Forsyth, Monroe County, Georgia 31029.

## FACTS

6.

Ms. Whitlock was hired as a Corrections Officer on February 1, 2006. At all times relevant to this Complaint, she was assigned to work at Valdosta State Prison.

7.

One of Ms. Whitlock's coworkers was a male named Elisha Pittman. Mr. Pittman had more seniority than Ms. Whitlock.

8.

In approximately 2009, Ms. Whitlock began complaining to her supervisors that Mr. Pittman was sexually harassing her on the job.

9.

Defendant DOC neither investigated Ms. Whitlock's complaints nor took action to stop the sexual harassment.

10.

After Ms. Whitlock voiced her complaints about and opposition to unlawful employment discrimination, Defendant DOC began to retaliate against her.

11.

By way of example, in or around July 2011, she was written up for not being prepared for inspection, while other employees who had not previously filed complaints of sexual harassment but who were similarly unprepared for inspection were not written up or otherwise disciplined.

12.

On or around October 2, 2011, Ms. Whitlock and a younger female correctional officer named Robin Blankumsee were working post 2 (visitation) together.

13.

According to policies promulgated by Valdosta State Prison and/or Defendant DOC and in effect in October of 2011, visiting hours ended at 3:00 PM.

14.

After completing their duties on October 2, 2011, Ms. Whitlock and Ms. Blankumsee left together at 3:00 PM, the assigned end-time for their shift.

15.

Ms. Whitlock did not leave her shift early on October 2, 2011.

16.

Despite having left after the end of her shift, Defendant DOC accused Ms. Whitlock of abandoning her post 7 minutes early, at 2:53 PM, on October 2, 2011.

17.

In or around early December of 2011, Ms. Whitlock was reassigned from Valdosta State Prison to the Valdosta Transitional Center pending the results of an adverse action against her.  That adverse action was based on the false allegation that she abandoned her post early on October 2, 2011.  Ms. Whitlock was forbidden from entering Valdosta State Prison without prior approval from the Warden or Deputy Warden of Security.

18.

On or about January 31, 2012, Ms. Whitlock's employment was terminated, purportedly because she abandoned her post in violation of DOC policies.

19.

Ms. Blankumsee submitted a statement to Defendant DOC on or about December 21, 2011, before Ms. Whitlock was terminated, in which she confirmed that she and Ms. Whitlock left work together on the date in question.

20.

Ms. Whitlock was forty-four (44) years old at the time her employment was terminated.

21.

Ms. Blankumsee is approximately twenty years younger than Ms. Whitlock.

22.

Upon information and belief, discovery will show that Ms. Blankumsee was not accused of abandoning her post early, even though the two women were working the same shift and left together.

23.

Upon information and belief, discovery will show that Ms. Blankumsee was not disciplined, subjected to an adverse action, transferred or reassigned, forbidden from entering Valdosta State Prison, or terminated.

**ADMINISTRATIVE REMEDIES AND PREREQUISITES TO SUIT**

24.

Plaintiff incorporates by reference the foregoing paragraphs.

25.

On or about March 30, 2012, Ms. Whitlock timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") alleging discrimination based on sex and age as well as retaliation (Charge No. 415-2012-468).

26.

The EEOC issued a Notice of Right to Sue to Ms. Whitlock on December 11, 2012.

27.

This Complaint is timely filed within 90 days of Ms. Whitlock's receipt of the Notice of Right to Sue.

28.

All other prerequisites to suit have been satisfied.

**COUNT I: RETALIATION IN VIOLATION OF TITLE VII**

29.

Plaintiff incorporates by reference the foregoing paragraphs.

30.

Ms. Whitlock opposed unlawful employment discrimination, including by complaining to her supervisors that she was being subjected to sexual harassment.

31.

Defendant DOC was aware of Ms. Whitlock's opposition to its unlawful

employment practices.

32.

After and in retaliation for her complaints, Ms. Whitlock suffered adverse employment actions, including being written up, reassigned, and eventually terminated.

33.

Similarly situated employees who had not opposed unlawful employment discrimination, including Ms. Blankumsee, were treated more favorably than Ms. Whitlock.

34.

Defendant DOC's conduct in retaliating against Ms. Whitlock was willful and intentional, with reckless indifference to Ms. Whitlock's federally protected rights.

35.

Defendant DOC's unlawful conduct caused Ms. Whitlock to suffer monetary and non-monetary damages (including lost wages, back pay, front pay, loss of benefits, and lost opportunities for advancement) for which Defendant DOC is liable.  The amount of such damages shall be determined at trial.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

36.

Plaintiff incorporates by reference the foregoing paragraphs.

37.

Ms. Whitlock was born on November 5, 1967.  She was older than forty (40) years old at all times relevant to this Complaint and was fourty-four (44) when her employment was terminated.

38.

The ADEA prohibits discrimination in employment on the basis of age.

39.

Defendant DOC discriminated against Ms. Whitlock in the terms and condition of her employment because of Ms. Whitlock's age, including by terminating  her employment.

40.

Similarly situated employees under the age of 40, including Ms. Blankumsee, were treated more favorably than Ms. Whitlock.

41.

Defendant DOC's conduct in retaliating against Ms. Whitlock was willful

and intentional and with reckless indifference to Ms. Whitlock's federally protected rights.

42.

Defendant DOC's unlawful conduct caused Ms. Whitlock to suffer monetary, non-monetary, and liquidated damages (including lost wages, back pay, front pay, loss of benefits, and lost opportunities for advancement) for which Defendant DOC is liable.  The amount of such damages shall be determined at trial.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

**WHEREFORE** Ms. Whitlock prays for judgment against Defendant as follows:

1. Injunctive relief requiring Defendant to reinstate Ms. Whitlock to her previous position, with no interruption in service, including credit for years of service, pension, etc.;

2. Alternatively, in the event the Court determines that reinstatement is not feasible, then an award of front pay to compensate Ms. Whitlock as

though she had worked until her expected date of retirement;

3. Full back pay and benefits of employment;

4. Liquidated damages;

5. Compensatory damages to compensate Ms. Whitlock for her monetary and non-monetary losses, including her emotional pain and suffering;

6. Pre- and post-judgment interest at the maximum rates allowable by law;

7. Punitive damages against Defendant in an amount to be determined by the jury in order to deter Defendant and those similarly situated from similar misconduct in the future;

8. Special damages for all out-of-pocket costs and expenses Ms. Whitlock would not have incurred but for Defendant's unlawful discriminatory and retaliatory conduct;

9. Attorneys' fees and expenses of litigation; and

10. Such other and further relief as the Court deems just and proper.

Dated:	March 5, 2013.

_s/ Jennifer K. Coalson_
Andrew Y. Coffman
Georgia Bar No. 173115
Jennifer K. Coalson
Georgia Bar No. 266989

*Counsel for Plaintiff*

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street
26th Floor
Atlanta, GA 30309
Telephone:   (404) 873-8000
Facsimile:   (404) 873-8050
E-mails:   acoffman@pcwlawfirm.com
          jcoalson@pcwlawfirm.com